Atkinson
v.
Minor et al.

JOHN ATKINSON, Appellant,

*against*

JOEL MINOR *et al.* Trustees of MOSES HADLEY, Appellees.

Several trustees with distinct interests cannot be joined in the same writ.

MOTION TO DISMISS. In the declaration, plaintiff set forth, that the said *Joel Minor*, *Ephraim Carr*, and *Wait Rathborn*, have in their possession money, goods, chattels, rights or credits of the said *Moses Hadley*, an absconding debtor, to the value of 500 dollars.

The trustees filed the following motion:

RUTLAND COUNTY,
Supreme Court, &c.

*John Atkinson* v. *Joel Minor*, &c.

Now the said trustees here in Court *severally* move the Court, that the process of the said *John Atkinson* against them as trustees as aforesaid, be dismissed—

Because they *severally* say, that the trustees are *joined* in the action aforesaid, and they as such are charged jointly with having in their possession money, goods, chattels, rights or credits of the said *Moses Hadley*, to the value of 500 dollars. And for that they the said trustees are not and never have been *joint traders* or partners in company, and have not at any time been *jointly* possessed of any money, goods, chattels, rights or credits of the said *Moses Hadley*, or in any way have been *jointly* indebted to

the said *Moses Hadley* in any sum whatsoever. There-
fore they severally pray the judgment of the Ho-
nourable Court, that the process aforesaid may be
dismissed, and they severally allowed their costs.

.....                     By *Cephas Smith*, junior.

To this motion there was a demurrer and joinder.

*Cephas Smith*, junior, for the trustees, contended,
that the words of the statute, " *person or persons*,"
" *trustee or trustees*," " *his, her, or their*," mean to
distinguish those who are *severally* and jointly pos-
sessed of monies, goods, &c. of the absconding
debtor. The word " *possession*" being used through-
out the statute, as applied to the plural number, must
intend the *joint* possession, and not *several.* Any
other construction will be absurd ; for upon a return
of *nulla bona* upon the first writ of execution which
issues against the goods of the absconding debtor
in their possession, the *sci. fa.* must issue jointly
against all, which cannot be. And if writ of execu-
tion should then issue *de bonis propriis*, though the
trustees may each possess several and unequal sums
of money of the property of the absconding debtor,
yet the trustees being joint debtors in the execution,
each one would be liable for the whole amount.

The creditor of an absconding debtor cannot have
a greater right against the debtors, or trustees of the
absconding debtor, than he originally possessed him-
self. The absconding debtor had not, at common
law, a joint action against his several debtors, but
separate actions. The fair construction of the statute
is a *joint* interest in the trustees. Trustees *vi termini*
means corporate bodies created by law, or those

Atkinson
v.
Minor et al.

Vermont Stat.
vol. 1. p. 341.

Atkinson
v.
Minor et al.

minor corporations, if we may so term them, created occasionally by contracts, as the obligees in a specialty, or promissors in a note—a joint connection. The goods, &c. of the absconding debtor in the possession of such, were liable to be reached by the trustee process; and therefore the word " *trustees*" was necessarily inserted in the statute.

It is obvious that the Legislature did not contemplate the joinder of several trustees with distinct interests in the same writ; for the statute has made no provision for *separate judgments.* Indeed none were necessary. But if several trustees of the absconding debtor may be joined in one action, it would operate infinite embarrassment in the collection of debts. A creditor might summon fifty or more persons as trustees of an absconding or concealed debtor; and upon service of the process, if any one of them responded to the absconding debtor, it would be at his risk, and often very nice questions would arise, whether trustee or not, not readily determined, even by professional men. Thus, in this mode of bringing the action, a small demand due to the plaintiff might impede the collection of numerous debts.

Statutes creating novel rights ought always to be strictly construed. The common law regulations are ever to be pursued, if not expressly altered by the statute.

*Truman Squires, contra.* That they had pursued the statute strictly, in bringing the present action.

The words of the first section give the right to this mode of bringing the action expressly. " If any person *or persons* shall have goods," &c. in his, her

or *their* " possession of any person who shall have se-
cretly absconded from the State, or shall keep con-
cealed within the same," any creditor may cause
such person or *persons* to be summoned as trustee or
*trustees* of, &c. by a process to be issued against him,
her, or *them.* The second section speaks the same
language : " If the said trustee or *trustees* do not ap-
pear by himself, herself, or *themselves.*" And simi-
lar expressions are continued through the whole
statute.

But it is said the plural is used to denote corporate
bodies, or persons jointly interested by contract in
the goods, &c. of the absconding debtor. But if so,
why was it not thus expressed. Perhaps there are no
words more frequently inserted in statutes than per-
son and persons : but surely no one ever before ima-
gined, that *persons* or *trustees,* or any other plural *vi
termini,* meant a joint interest. When a joint in-
terest is intended by the plural in any statute, we
learn it from its connection with and relation to
other parts of the statute, or by its consistency with
the great object of it, which is often expressed in the
preamble, and frequently in the very title of the act.
But on investigation of the present statute, can we
learn from any other expressions in it, that " *persons*"
or " *trustees*" meant to intend a joint interest. Does
the great object of the statute run counter to our
construction of it ? The very title of the act is, " An
act directing the mode of process against *trustees*" of
absconding debtors.

It is objected, that our construction of the act will
create embarrassment in the process of *sci. fa.* and
writ of execution *de bonis propriis.* But was there

ever a new law promulgated which did not present some difficulties in the detail of practice under it ? It is the great and constant object of Courts of Justice to remedy these difficulties, and by their practical rules and repeated decisions, to render the operation of the act intelligible and consistent ; and we have no doubt that the decisions and rules of this Court will in due time dissipate the dense cloud of obscurity which at present shrouds the gentleman's mind. What will be these decisions and rules we do not presume to anticipate. For ourselves we can conceive of no difficulty in case of return of *nulla bona* on the first execution, for the creditor to enter several motions for *sci. fa.* against the several trustees. It is incumbent on each trustee to disclose, and when the creditor's debt is satisfied by the property in the possession of one, two, or more of the trustees, he cannot have more ; and the officer's returns on the several executions of the several sums collected, when amounting to the creditor's principal judgment debt, will be a bar to any *scire facias* against others.

But it is said the creditor of an absconding debtor cannot have a greater right against the debtors or trustees of an absconding debtor, than he had himself. By common law he might not. But surely the Legislature have a power to restrict, destroy, or abridge municipal rights. Do they not convene for these purposes ? What is our statute book but a volume which in every page limits, abridges, abolishes, creates, destroys, and then creates anew municipal rights. But an alarming evil is apprehended from our construction of the statute. It is said, if several trustees of the absconding debtor may be joined in

one action, it would operate infinite embarrassment in the collection of debts. But would this evil be entirely done away by *their* construction? Might not a debt of twenty shillings clog a debt of a thousand pounds? Might not a creditor holding several demands bring separate trustee processes against many trustees, though his several demands may each be small in comparison with the goods, &c. in the possession of each trustee.

In the respectable State of *Connecticut* they find no inconvenience or difficulty in *copying*, as they style it, several garnishees. The great object of our statute is to prevent the embezzlement of property of absconding or concealed debtors, and to secure it to respond their just debts. That this can be effected better by one action embracing several trustees, than by several actions, admits of no doubt when we consider the great saving of costs which will be made by the former mode.

*Daniel Chipman* arose to reply.

*Sed per Curiam.* The Court do not wish to hear further in support of the motion. The statute is so clear, it would be a waste of time to hear further argument.

The Legislature, it is apparent, never contemplated an action like the present under this statute.

To embrace persons of several interests in one suit as creditors of an absconding debtor, would produce great injury to the parties, and occasion much embarrassment in the process of the Courts,

Atkinson
v.
Minor et al.

Let the process be dismissed, and the trustees have severally their costs.

*Daniel Chipman* and *Cephas Smith*, junior, for the trustees.

*Israel Smith* and *Truman Squires*, for plaintiff.